IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | CIVIL ACTION NO. **3:CV-13-1285** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| HAZLETON CAREER LINK, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I.    BACKGROUND**.

On May 9, 2013, Plaintiff Sean M. Donahue,[1] an inmate at Luzerne County Correctional Facility ("LCCF"), located in Wilkes-Barre, Pennsylvania, filed, *pro se*, the instant form civil rights Complaint, under 42 U.S.C. § 1983. (Doc. 1). Plaintiff's form §1983 civil rights Complaint consists of five (5) pages. (*Id*.).    Since the Complaint lacked the filing fee or forms required to proceed *in forma pauperis*, a 30-Day Administrative Order was issued on May,13, 2013.  (Doc. 2).  On May 24, 2013, Plaintiff filed a Motion for Leave to proceed *in forma pauperis*.   (Doc. 3).

On June 3, 2013, Luzerne County Commissary Bookkeeper notified the Court that Plaintiff Donahue was released from LCCF on bail on May 28, 2013. Thus, the Luzerne County Commissary

---

[1]We note that Plaintiff filed two previously civil rights actions with this Court.  At or around the time of the instant Complaint, he additionally filed 21 other actions.  Thus, Plaintiff had 23 cases pending before this Court. On May 31, 2013, the Court issued an Order and dismissed without prejudice Plaintiff 's Civil No. 13-1043, M.D. Pa., case since Plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis*, after a 30-Day Administrative Order was issued.  (Doc. 6, Civil No. 13-1043).  Plaintiff now has 22 cases pending with this Court.

Bookkeeper was returning to this Court the Administrative Orders this Court sent to LCCF directing the Warden to deduct funds from Plaintiff Donahue's inmate account to pay the filing fees in the civil rights cases Plaintiff filed with this Court. (Doc. 6). Therefore, Plaintiff was confined in LCCF from the date of his arrest on August 21, 2012 through May 28, 2013, when he was released on bail pending his trial on criminal charges in Luzerne County.

Plaintiff names as Defendants Hazleton Career Link, the Pennsylvania Department of Labor and Industry, and the Luzerne Schuylkill Workforce Investment Board.[2] (Doc. 1, pp. 1-3).

We will now screen Plaintiff's Complaint in accordance with § 1915 of the PLRA.

## II. STANDARDS OF REVIEW.

### A. PLRA

The Prison Litigation Reform Act of 1995[3] (the "PLRA")obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[2]Plaintiff Donahue mistakenly named the "Luzerne County Workforce Investment Board" as a Defendant. As discussed below, the correct name of this Defendant is the Luzerne Schuylkill Workforce Investment Board.

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

**B.     Motion to Dismiss**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Courtstated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
>> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the
>>
>> plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's

3

> entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
>
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

### C. Section 1983

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

## III. DISCUSSION.

As stated above, on May 9, 2013, Plaintiff filed, *pro se*, the instant form civil rights Complaint, under 42 U.S.C. § 1983. (Doc. 1). Plaintiff indicates that he did not file a grievance

5

with the prison regarding his instant claims since his claims do not relate to the conditions of his confinement in LCCF.

In his Complaint, Plaintiff states that for nearly seven years, the governmental agencies of Hazleton, Luzerne County and of Pennsylvania have been preventing him from using the federally funded unemployment system and workforce investment systems. He states that he has been repeatedly threatened with "false arrest" if he refuses to stop trying to use those programs. He avers that he was arrested for "allegedly threatening the [District Attorney] of Luzerne County for not arresting those who prevented [him] from using the federally funded programs" which he feels he is certainly qualified to use. (Doc. 1, pp. 3-4).

In his request for relief, Plaintiff seeks this Court to "immediately release [him] from jail." Plaintiff also seeks $1 million from each party.[4] Further, Plaintiff requests the Court to "Order the immediate cancellation of all of [his] public and private student loan debt." Additionally, Plaintiff requests the Court to "Order the arrest of all those responsible for denying me access to federally funded programs for many years." (*Id.*, p. 4).

Initially, we find that to the extent that Plaintiff is seeking this Court to Order the arrest of many unnamed individuals, this Court cannot grant as relief in the present case the initiation of any criminal prosecution. The Third Circuit has held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception*

---

[4]Plaintiff's requests for specific amounts of monetary damages (Doc. 1, p. 4) should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages should be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

*v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief for the arrest of government officials with respect to alleged criminal conduct in this federal civil action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd., in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to have people arrested for their alleged illegal behavior, these requests are subject to dismissal with prejudice. *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012). Based on the foregoing, we find futility for the Court to allow Plaintiff to amend his Complaint with respect to his request for relief to have people arrested.

Further, to the extent Plaintiff is seeking this Court to intervene with his pending criminal case in Luzerne County Court and to Order his release from confinement in LCCF, this request is also subject to dismissal with prejudice in this §1983 civil rights action.[5] We take judicial notice of Luzerne County Criminal Docket CP-40-CR-3501-2012, which indicates that Plaintiff was arrested

---

[5]We note that the Anti-Injunction Act, 28 U.S.C. §2283, may prohibit this Court from interfering with any determination by the State Court regarding the criminal case currently pending against Plaintiff Luzerne County Court, such as his confinement in LCCF and the amount of his bail, if any. *See In re Madera*, 2008 WL 447497, *5 (E.D. Pa. 2-7-08).
 Also, the injunctive relief which Plaintiff seeks may be barred by the *Younger* abstention doctrine. The *Younger* abstention doctrine is based on basic considerations of comity that are fundamental to our federal system of government. As defined by the courts: "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. *See Younger v. Harris,* 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009).

on August 21, 2012, by Hazleton City Police Department and charged with Terroristic Threats with Intent to Terrorize Another, 18 Pa.C.S.A. §2706(a)(1), and Harassment, 18 Pa.C.S.A. §2709(a)(3). Although Plaintiff's instant civil rights Complaint does not reference a specific criminal case or a date with respect to his arrest, we presume the Complaint to reference Plaintiff's pending Luzerne County Court criminal case, namely, *Commonwealth of PA v. Sean Donahue,* CP-40-CR-3501-2012.[6] Thus, we construe Plaintiff as complaining, in part, about actions taken against him in his criminal case initiated on August 21, 2012, by Hazleton City Police Department, in Luzerne County Court of Common Pleas. It appears that after his arrest on August 21, 2012, Plaintiff's bail was set at $100,000 monetary and that Plaintiff could not post bail, and he was confined in LCCF.

We find that the Luzerne County Court Criminal Docket indicates that Plaintiff had a preliminary hearing on October 3, 2012, that a Magisterial District Judge found the Commonwealth established a prima facie case against Plaintiff and, that both charges filed against Plaintiff, namely, Terroristic Threats with Intent to Terrorize Another, 18 Pa.C.S.A. §2706(a)(1) and Harassment, 18 Pa.C.S.A. §2709(a)(3), were bound over to Luzerne County Court for trial. Subsequently, a criminal Information was filed against Plaintiff on October 22, 2012. Plaintiff was then arraigned on both charges on December 12, 2012. Plaintiff's bail was reduced by the Luzerne County Court on January 10, 2013, from $100,000 monetary to $25,000 monetary. However, it appears that Plaintiff was not able to post the reduced bail amount and he has remained in LCCF from his August 21, 2012 arrest until May 28, 2013, when he was released on

---

[6]We note that we obtained a copy of Plaintiff Donahue's Luzerne County Criminal Docket for case number CP-40-CR-3501-2012 at http://ujsportal.pacourts.us. We take judicial notice of Plaintiff's Luzerne County Criminal Docket.

bail pending his trial in Luzerne County.

Plaintiff had a pre-trial conference with the Luzerne County Court on April 5, 2013, and he is currently awaiting trial on the criminal charges filed against him. A date Plaintiff 's criminal trial has not yet been set.

Insofar as Plaintiff is challenging his former confinement in LCCF and he seeks his immediate release from confinement, Plaintiff must file a habeas petition under 28 U.S.C. §2254, if he is convicted in his pending criminal case, after he exhaust his state court remedies. The Third Circuit Court in *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002)(internal citations omitted), stated:

> Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect. Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally be to 'inquire into the legality of the detention . . .. Section 1983, in contrast, provides for liability on the part of any state actor who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws.

As analyzed under *Leamer*, Plaintiff can raise constitutional claims against state actor Defendants in a §1983 civil rights action in this Court after he fully exhaust all of his administrative remedies available at the prison. *See Cohen v. Lappin*, 2010 WL 545874, *2 (W.D. Pa. Feb. 16, 2010)("Claims that do not directly implicate the fact or duration of an inmate's confinement may not be pursued by means of a habeas corpus petition.")(citations omitted). However, Plaintiff's claims that directly implicate the fact or duration of his confinement at LCCF must be pursued by means of a habeas corpus petition. *See Leamer, supra*; *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Thus, we will recommend that Plaintiff's request seeking this Court to Order his immediate release from confinement in LCCF, be dismissed with prejudice. Despite the fact that Plaintiff is no longer confined in LCCF and that he was released on bail, his requests for release from prison in a civil rights action is still subject to dismissal.

Next, we find that Defendant Pennsylvania Department of Labor and Industry, a state agency, should be dismissed from this case with prejudice because this Defendant is entitled to immunity. Plaintiff's claims against Defendant Pennsylvania Department of Labor and Industry are barred under the Eleventh Amendment. Based on *MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 502 (3d Cir. 2001), because Defendant Pennsylvania Department of Labor and Industry is an agency of the Commonwealth of Pennsylvania, this Court's jurisdiction over this Defendant is barred by the Eleventh Amendment of the United States Constitution, and all claims against it are subject to dismissal.

In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), the Court held that:

> The Eleventh Amendment precludes private federal litigation against a state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a jurisdictional bar subject to only two exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment, or (2) a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well

> settled that Congress had no intention to abrogate the states'
> sovereign immunity by enacting § 1983. *Will v. Mich.
> Dep't of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304, 105
> L. Ed. 2d 45 (1989). [**41] Furthermore, Pennsylvania has
> unequivocally withheld its consent to such suits. See 42 PA.
> CONS. STAT. § 8521(b); *see also Lombardo,* 540 F.3d at
> 196 n.3; *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir.
> 1981).*See also Urella v. PA State Troopers Ass'n*, 2008 WL
> 1944069, *3.

Thus, we find that this Court's jurisdiction over Defendant Pennsylvania Department of Labor and Industry is barred by the Eleventh Amendment. *See Democracy Rising PA v. Celluci*, *supra*; *see also Bucano v. Pennsylvania*, 2013 WL 247003 (M.D. Pa. January 22, 2013). As such, we will recommend that Defendant Pennsylvania Department of Labor and Industry be dismissed from this case with prejudice.

We find that Defendant Luzerne Schuylkill Workforce Investment Board ("LSWIB") (improperly referred to as Luzerne County Workforce Investment Board in Plaintiff's Complaint at pp. 1 & 3) and its subsidiary program Defendant Hazleton Career Link (found via www.lswib.org), a private non-profit organization, should be dismissed since it is not a state agency liable to suit in a §1983 action. Generally, a private company or organization, *i.e.*, Defendant LSWIB, is not a state agency, nor is its subsidiary, Defendant Hazleton Career Link. *See Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa.; *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, * 1 (M.D. Pa.)(A private company is not an appropriate defendant in a § 1983 civil rights action because it is not acting under color of state law.)(citations omitted); *Jacobowitz v. M&T Mortgage Corporation*, *372* Fed. Appx. at 227 (M&T Mortgage Corporation was not a state agency). As such, LSWIB and Hazleton Career Link are not proper Defendants under §1983. *See Jacobowitz, supra*; *Shirazi v. Palissery*,

Civil No. 11-0141, M.D. Pa. Also, Plaintiff fails to even mention Defendants LCWIB and Hazleton Career Link in his Statement of Claim of his Complaint. Nor does Plaintiff aver that these two Defendants allegedly prevented him for using the unemployment system and the workforce investment systems.

Thus, we will recommend that Defendant Luzerne Schuylkill Workforce Investment Board and its subsidiary program Defendant Hazleton Career Link be dismissed from this case with prejudice since we find futility in allowing Plaintiff amend his claims against these Defendants.

Therefore, we will recommend that Plaintiff 's Complaint be dismissed in its entirety with prejudice. Based upon the above, we find that the Court should not allow Plaintiff leave to amend his Complaint with respect to his §1983 claims against any Defendant since we find that it would be futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

IV.     **RECOMMENDATION.**

Based on the foregoing, it is respectfully recommend that Plaintiff's Complaint **(Doc. 1)** be dismissed with prejudice, in its entirety. It is also recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* **(Doc. 3)** be granted solely for the purpose of filing this action. Finally, it is recommended that the Court close this case.

s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: June 4, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | CIVIL ACTION NO. **3:CV-13-1285** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| HAZLETON CAREER LINK, *et al.*, | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 4, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basi
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.




        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**



**Dated: June 4, 2013**