# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,  :
      Plaintiff  :    CIVIL ACTION NO. 3:13-CV-1285
    :
    v.  :
    :    (JUDGE NEALON)
HAZLETON CAREER LINK, ET AL.,  :    (MAGISTRATE JUDGE BLEWITT)
      Defendants  :

FILED
SCRANTON
JUL 3 0 2013
PER
DEPUTY CLERK

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names the Hazleton Career Link, the Pennsylvania Department of Labor and Industry, and the Luzerne County Workforce Investment Board as Defendants. (Id.). Plaintiff alleges that for approximately seven years, the government agencies of Hazleton, Luzerne County, Pennsylvania forbade him from using the federally funded unemployment systems. (Id.). Plaintiff alleges that he was threatened with arrest if he did not stop attempting to use these programs, and has now been arrested for allegedly threatening the Luzerne County District Attorney with respect to his complaints. (Id.). For relief, Plaintiff seeks, inter alia, his immediate release from prison, the arrest of all those responsible for denying him access to the federally funded programs, and monetary damages. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 3).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 6) (citing Pub. L. No. 104-134,

---

[1]Plaintiff has since been released on bail. See (Docs. 7-8).

110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On June 4, 2013, Magistrate Judge Blewitt

issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed

in its entirety with prejudice, and that the motion for leave to proceed in forma pauperis be

granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed motions

for the appointment of counsel, which include an "objection to dismissal." (Docs. 9, 11). The

objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing
> so will allow an injustice to go unchecked simply because I do not have an
> attorney representing me in this matter. I am a layman of the law and am willing
> to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, two days after the R&R was mailed to

Plaintiff's new address. (Id.).[3] No other objections have been filed and, for the reasons set forth

below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. §

636(b)(1)(C), the district court must make a de novo review of those portions of the report to

which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d

Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be

separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir.

---

[2] Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[3] Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 6, pp. 4-5). Magistrate Judge Blewitt determines that to the extent Plaintiff requests relief in the form of the arrest of many unnamed individuals, this Court cannot grant such relief. (Id. at pp. 6-7), citing Ross v. Pa. Bd. of Prob. & Parole, 2012 U.S. Dist. LEXIS 115546, *14 n.3 (M.D. Pa. 2012) (Kane, J.). As to Plaintiff's request to be released, the

3

Magistrate Judge notes that Plaintiff has already been released on bail, that this Court will not interfere with a pending state criminal case, and that such relief is cognizable under habeas corpus. (Doc. 6, pp. 7-10), <u>citing</u> 28 U.S.C. § 2254; 28 U.S.C. § 2283; <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971); <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002). Next, Magistrate Judge Blewitt decides that because the Pennsylvania Department of Labor and Industry is entitled to immunity as an agency of the state, all claims against it are barred by the Eleventh Amendment and should be dismissed with prejudice. (<u>Id.</u> at pp. 10-11), <u>citing</u> <u>MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania</u>, 271 F.3d 491 (3d Cir. 2001); <u>Democracy Rising PA v. Celluci</u>, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009) (Conner, J.). The R&R then explains that Defendant Luzerne Schuylkill Workforce Investment Board, incorrectly referred to as the Luzerne County Workforce Investment Board in Plaintiff's complaint, along with its subsidiary program, Defendant Hazleton Career Link, a private non-profit organization, should be dismissed because they are not state agencies subject liability in a section 1983 action. (Doc. 6, pp. 11-12) (citing <u>Conway v. King Pharms., Inc.</u>, 2008 U.S. Dist. LEXIS 86352 (M.D. Pa. 2008) (Vanaskie, J.)). <u>See also</u> <u>Harris v. Greater Erie Cmty. Action Comm.</u>, 2006 U.S. Dist. LEXIS 100901, *15 (W.D. Pa. 2006) (holding that "Pennsylvania Career Link Workforce is not a legal entity that is subject to suit"), <u>adopted by</u>, 2006 U.S. Dist. LEXIS 100902 (W.D. Pa. 2006). Magistrate Judge Blewitt concludes that it would be futile to allow an amendment against any Defendant and recommends that the complaint be dismissed with prejudice. (Doc. 6, p. 12), <u>citing</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d Cir. 2002).

Having reviewed the R&R for clear error and finding none, it will be adopted. The complaint and all Defendants will be dismissed with prejudice and without leave to amend.

4

Additionally, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

**Date:** July 30 , 2013

United States District Judge